CONDON TOBIN SLADEK THORNTON, PLLC
Aaron Z. Tobin
Texas Bar No. 24028045
J. Seth Moore
Texas Bar No. 24027522
Kendal B. Reed
Texas Bar No. 24048755
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone 214-265-3800
Facsimile 214-691-6311
atobin@ctstlaw.com
smoore@ctstlaw.com
kreed@ctstlaw.com
GENERAL COUNSEL TO DAN
LAIN, PLAN TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | (CHAPTER 11) |
| | § | |
| DUNE ENERGY, INC. | § | CASE NO. 15-10336-HCM |
| DUNE OPERATING COMPANY | § | CASE NO. 15-10337-HCM |
| DUNE PROPERTIES, INC. | § | CASE NO. 15-10338-HCM |
| | § | |
| Debtors | § | (JOINTLY ADMINISTERED UNDER |
| | § | CASE NUMBER 15-10336) |
| | § | |
| DAN LAIN, PLAN TRUSTEE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | ADVERSARY NO. _____ |
| | § | |
| MARJORIE BOWEN | § | |
| | § | |
| Defendant. | § | |

**TRUSTEE'S ORIGINAL COMPLAINT TO AVOID
FRAUDULENT AND/OR PREFERENTIAL TRANSFERS AND OBJECTION TO CLAIM**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES now, DAN LAIN, in his capacity as Plan Trustee ("Plaintiff") of the Dune Plan Trust, and authorized representative of Reorganized Dune Energy, Inc., Reorganized Dune Operating Company, and Reorganized Dune Properties, Inc., and files this his adversary proceeding to Avoid Fraudulent and/or Preferential Transfers and Objection to Claims (the "Complaint") and requests an entry of an order avoiding the preferential transfers to and disallowing any and all claims of Marjorie Bowen ("Defendant"). In support of this Complaint, the Trustee respectfully states as follows:

## I. PARTIES

1. Plaintiff is the plan trustee of the Dune Plan Trust, and authorized representative of Reorganized Dune Energy, Inc., Reorganized Dune Operating Company, and Reorganized Dune Properties, Inc. ("Debtors"). The causes of action asserted herein, vested in or were assigned to Plaintiff, so that Plaintiff might pursue them for the benefit of Debtors' unsecured creditors.

2. Upon information and belief, Defendant is a resident of the State of California whose residence is located at 225 6th Street, Manhattan Beach, CA 90266. Pursuant to Bankruptcy Rule 7004, Defendant may be served with process by mailing a copy of the summons and complaint to him at his dwelling house or usual place of abode or to the place where he regularly conducts a business or profession. Service of the summons in this adversary proceeding may be made upon Defendant by sending the summons and a copy of the complaint to him, by certified mail, return receipt requested, at 225 6th Street, Manhattan Beach, CA 90266. An additional copy is being sent by email to marjorie.bowen@icloud.com.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this proceeding pursuant to the provisions of 28 U.S.C. §§ 157 (a)-(b) and 1334 (b).

4. This proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157 (b)(2).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409 (a).

6. This adversary proceeding is brought pursuant to one or more of sections 502, 544, 547, 548, 549, and 550 of title 11 of the United States Code, as amended (the "Bankruptcy Code"). The allegations made herein by Plaintiff are made in the alternative as allowed under the Federal Rules of Civil Procedure 8 (e), as made applicable to this adversary by Bankruptcy Rule 7008.

### III. FACTUAL ALLEGATIONS

7. On March 8, 2015, Dune Energy, Inc., Dune Operating Company, and Dune Properties, Inc. (collectively, the "Debtors") filed voluntary petitions for protection under Chapter 11 of the Bankruptcy Code ("Petition Date").

8. On September 18, 2015, Debtors filed their Plan of Reorganization under Chapter 11 of the Bankruptcy (the "Plan") with the Court. [Docket No. 558]. This Court entered its Confirmation Order confirming the Plan on September 18, 2015. [Docket No. 559]. Dan Lain was appointed plan trustee in the Confirmation Order. On September 30, 2015, the Debtors filed a Notice of Effective Date of the Chapter 11 Plan of the Debtors [Dkt. 574].

9. The Trust Agreement for the Dune Plan Trust (the "Trust Agreement"), the definitive trust document establishing and governing the Trust, is attached to the Confirmation Order. Article V of the Trust Agreement grants authority to the Plaintiff to commence adversary or other legal proceedings to pursue any Causes of Action on behalf of the Trust.

10. Plaintiff seeks to avoid certain pre-petition transfer(s) of Debtors' interest in property totaling $109,969.61 (collectively, "Transfers"). Defendant was a member of the Board of Directors of Dune Energy, Inc., and therefore an "insider" as that term is defined by 11 U.S.C. § 101(31)(B).

11. Detail regarding the Transfers, to the extent currently known by Plaintiff, is set forth in Exhibit "A," which is incorporated herein by this reference as if set forth fully within this Complaint. However, Plaintiff reserves the right to add to the Transfers any other pre-petition transfers which may be avoidable by Plaintiff under applicable law. Defendant took the payments detailed in Exhibit "A" by way of bonuses and/or additional payments while knowing that the Debtors were insolvent with the intent to hinder, delay or defraud Debtors' creditors, and causing Debtors to incur debts beyond Debtors' ability to pay as they became due.

### IV. CAUSE OF ACTION: AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS

12. Plaintiff incorporates each of the allegations contained in Paragraph 1 through 11 of this Complaint herein.

13. The Transfers were made to or for the benefit of Defendant.

14. Defendant is the initial transferee of the Transfers.

15. Alternatively, if Defendant is not the initial transferee of the Transfer, Defendant:

   a. is the immediate or mediate transferee of the Transfer; and/or

   b. did not give value in exchange for the Transfer; and/or

   c. received the Transfer with knowledge of the voidability of the Transfer.

16. The Transfer was made while Debtor was insolvent.

17. At the time of the Transfer, Defendant was a creditor of Debtor.

18. The Transfer was made for, or on account of, an antecedent debt owed by Debtor to Defendant before such Transfer was made.

19. The Transfer was made on or within ninety (90) days before the Petition Date, or between ninety days and one year before the Petition Date.

20. The Transfer enables Defendant to receive more than she would receive if: (a) Debtor's bankruptcy case was a case under Chapter 7 of the Bankruptcy Code; (b) the Transfer had not been made; and (c) Defendant received payment on such debt to the extent provided by the provisions of the Bankruptcy Code.

21. The Transfer is avoidable as preferential under section 547 of the Bankruptcy Code.

22. Pursuant to section 550 of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant $109,969.61, plus interest thereon from the date of each payment or transfer.

## V. CAUSE OF ACTION: OBJECTION TO CLAIMS

23. Plaintiff incorporates each of the allegations contained in Paragraph 1 through 22 of this Complaint herein.

24. Defendant received the Transfers, which are avoidable under sections 544, 547, or 548 of the Bankruptcy Code.

25. Pursuant to section 502(d) of the Bankruptcy Code, any and all prepetition claims of Defendant in these cases are disallowed, unless and until Defendant returns the Transfers to Plaintiff.

## VI. CAUSE OF ACTION: AVOIDANCE OF FRAUDULENT TRANSFERS UNDER BANKRUPTCY CODE § 548

26. Plaintiff incorporates each of the allegations contained in Paragraph 1 through 25 of this Complaint herein.

27. Alternatively, the Transfer was made with actual intent to hinder, delay or defraud any entity to which Debtor, whose property was directly or indirectly transferred ("Transferring Debtor"), was, or subsequently became, indebted.

28. Alternatively, if the Transfer was not made on account of an antecedent debt,

Debtor did not receive reasonably equivalent value in exchange for the Transfer; and

    a. Prior to the Transfer, Transferring Debtor was insolvent or became insolvent as a result of the Transfer; and/or

    b. At the time of the Transfer, Transferring Debtor was engaged in business or a transaction, or about to engage in business or a transaction, for which any property remaining with such Debtor was an unreasonably small capital; and/or

    c. At the time of the Transfer, Transferring Debtor intended to incur, or believed it would incur debts that would be beyond its ability to pay as such debts matured.

29. The Transfer was made within one year before the Petition Date.

30. The Transfer is avoidable under section 544 or 548 of the Bankruptcy Code.

31. Pursuant to section 550 of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant $109,969.61, plus interest thereon from the date of each payment or transfer.

### VII. CAUSE OF ACTION: AVOIDANCE OF FRAUDULENT TRANSFERS UNDER TEX. BUS. & COMM. CODE § 21.005

32. Plaintiff incorporates each of the allegations contained in Paragraph 1 through 31 of this Complaint herein.

33. Alternatively, the Transfers were interests of the Debtor in property and were made with the actual intent to hinder, delay, or defraud the creditors of Debtor.

34. The creditors of Debtor have the right to avoid the Transfers made to or for the benefit of Defendant under § 24.005(a)(1) of the Texas Business and Commerce Code, and Plaintiff can seek to enforce that right under Sections 544(b) and 550 of the Bankruptcy Code.

35. Alternatively, Debtor did not receive reasonably equivalent value in exchange for the Transfer; and

    a.    was engaged or was about to engage in a business or a transaction for which the remaining assets of Debtor were unreasonably small in relation to the business or transaction; or

    b.    intended to incur, or believed or reasonably should have believed that Debtor would incur, debts beyond Debtor's ability to pay as they became due.

36.    Pursuant to section 550 of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant $109,969.61, plus interest thereon from the date of each payment or transfer.

## VIII. PRAYER

WHEREFORE, Plaintiff respectfully prays that this Court:

i.    declare the Transfer be and is avoided as a preferential transfer pursuant to 11 U.S.C. § 547;

ii.    declare the Transfer is fraudulent pursuant to 11 U.S.C. § 544 or 548;

iii.    declare the Transfer is fraudulent pursuant to Tex. Bus. & Comm. Code § 21.005;

iv.    avoid the Transfer described in this Complaint pursuant to section 544, 547, or 548 of the Bankruptcy Code; and

v.    enter judgment in favor of Plaintiff and against Defendant, in an amount equal to the sum of the Transfer: $109,969.61, plus pre-judgment and post-judgment interest for each payment, costs and attorneys' fees;

vi.    disallow any and all of Defendant's claims against Debtor until the Transfers are returned pursuant to 11 U.S.C. § 502(d); and

vii.    grant Plaintiff such other relief as this Court deems just and proper.

DATE: March 7, 2017.

Respectfully submitted,

/s/ Kendal B. Reed
CONDON TOBIN SLADEK THORNTON, PLLC
Aaron Z. Tobin
Texas Bar No. 24028045
J. Seth Moore
Texas Bar No. 24027522

        Kendal B. Reed
        Texas Bar No. 24048755
        8080 Park Lane, Suite 700
        Dallas, Texas 75231
        Telephone 214-265-3800
        Facsimile 214-691-6311
        atobin@ctstlaw.com
        smoore@ctstlaw.com
        kreed@ctstlaw.com

        COUNSEL TO DAN LAIN,
        PLAN TRUSTEE AND REPRESENTATIVE OF
        REORGANIZED DEBTORS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **TRUSTEE'S ORIGINAL COMPLAINT TO AVOID PREFERENTIAL TRANSFERS AND OBJECTION TO CLAIM** has been forwarded this date by ECF filing to all parties deemed to have consented to electronic notice.

Signed this 7th day of March 2017.

        */s/ Kendal B. Reed*
        KENDAL B. REED